UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JANICE ANTHONY, ET AL.      Plaintiffs

v.      Civil Action No. 3:16-cv-00550-RGJ

CAROLYN MURDOCK      Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Janice Anthony and Evette Clemons bring this action against Defendant Carolyn Murdock alleging that Murdock has wrongfully refused to accept that her powers over Laura Mae Bryant's assets have been terminated and has wrongfully refused to turn over Bryant's assets to Clemons. [DE 1, Compl. at ¶¶ 10–11]. Murdock now moves to dismiss Plaintiffs' Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). [DE 21]. The matter is fully briefed and ripe for judgment. [*See* DE 24, Response; DE 26, Reply]. Having considered the parties' filings and the applicable law, the Court **DENIES** Murdock's Motion to Dismiss.

### BACKGROUND

Bryant is Anthony's and Murdock's mother. [DE 1, Compl. at ¶ 4]. Bryant suffers from progressive Alzheimer's dementia, which requires care at a dementia facility in Louisville, Kentucky. [DE 1-6, Baptist Health Doc.]. On August 16, 2012, Bryant, while a resident of Elk Grove, California, executed a Declaration of Revocable Living Trust and Assignment of Personal Property to the Laura M. Bryant Revocable Trust of 2012, for which Murdock was a successor co-trustee. [DE 1-4, Trust]. But on June 2, 2014, Bryant terminated Murdock's power of attorney, durable power of attorney for health care decisions, and the Declaration of Revocable Living Trust, among other documents. [DE 1-5, Revocation Documents]. On October 15, 2014, Bryant

1

appointed Anthony and two non-parties to this action as her health-care surrogates. [DE 1-2, Surrogate Order]. Then, on December 11, 2014, the Jefferson District Court appointed Anthony as Bryant's guardian. [DE 1-1, Guardianship Order]. In the same proceeding, the court adjudged Bryant a resident of Kentucky. *Id.* On March 10, 2016, the same court appointed Clemons as conservator of Bryant's property. [DE 1-3, Conservator Order].

Plaintiffs initiated this suit on August 26, 2016, alleging that Murdock refuses to accept that her powers over Bryant's assets have been terminated; has wrongfully refused to turn over Bryant's assets to Clemons; has wrongfully refused to pay the necessary bills for Bryant's care; and continues to waste Bryant's assets on unnecessary legal proceedings in California. [DE 1 at ¶¶ 10–12, 15]. Plaintiffs ask the Court to rule that Bryant's assets must be transferred from Murdock to Clemons. *Id.* at ¶ 16. On December 15, 2017, Murdock moved to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). The matter is fully briefed and ripe for judgment. [*See* DE 24, Response; DE 26, Reply].

## DISCUSSION

### A. Subject-Matter Jurisdiction (Rule 12(b)(1))

#### 1. Legal Standard

First, Murdock moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. "Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co. v. Republic of Leb.*, 501 F.3d 534, 537 (6th Cir. 2007) (citation omitted). Where subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive a 12(b)(1) motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368 F.3d

569 (6th Cir. 2004), *overruled on other grounds by Winnett v. Caterpillar, Inc.*, 553 F.3d 1000 (6th Cir. 2009).

    2. Analysis

Murdock argues that the Court lacks subject-matter jurisdiction because Plaintiffs lack standing. A federal court may only adjudicate "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. The standing doctrine is derived from this cases-or-controversy requirement and obligates plaintiffs to show a "personal stake in the outcome of the controversy as to … justify [the] exercise of the court's remedial powers on [their] behalf." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S.Ct. 1645, 1650 (2017) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)). To establish standing, a litigant must show: (1) that she has suffered an injury in fact; (2) that the defendant's conduct caused her injury; and (3) that a favorable decision will likely redress the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The plaintiff must "demonstrate standing for each claim [s]he seeks to press." *Town of Chester*, 137 S.Ct. at 1650 (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)). The Supreme Court has also identified three prudential standing principles, which require a party to: 1) generally assert only his or her own rights, not claims of third parties; 2) not allege generalized grievances more suitable for legislative or executive resolution; and 3) raise a claim within the zone of interest protected by the statute or constitutional provision in question. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The determination of a party's standing requires consideration of the facts of each individual case. *Rose v. Council for BetterEducation, Inc.*, 790 S.W.2d 186, 202 (Ky. 1989).

Murdock argues that Plaintiffs lack standing because, based on Plaintiffs' Complaint, they have not alleged that Murdock's conduct caused either named plaintiff to suffer a concrete or particularized injury. [DE 21-1, Memo. Mot. Dismiss at 124]. Instead, Murdock asserts that "[t]he

only party that might have conceivably suffered an injury, if the allegations contained in the Complaint are taken as true, is the Estate of Laura Bryant," which is not a party to this action. *Id.* While not formally filing a motion to amend their complaint, Plaintiffs assert that they bring this action as Bryant's guardian and conservator, respectively, and attach an amended complaint indicating that they sue on behalf of Bryant, not themselves as individuals. [DE 24, Resp. Mot. Dismiss at 136]. Murdock responds that even if the Court considers Plaintiffs as guardian and conservator, Plaintiffs still fail to allege that they suffered an injury that affects them in a personal and individual way.

As an initial matter, the Court will liberally construe Plaintiffs' inclusion of its Amended Complaint with its Response as a Motion for Leave to File an Amended Complaint.[1] Under Rule 15, a party may amend a pleading before trial with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The determination of whether the circumstances of a case are such that justice would require the allowance of an amendment is committed to the sound discretion of the district court. *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974). When determining whether to permit an amendment, the court may consider a variety of factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Hageman v. Signal L.P. Gas, Inc*., 486 F.2d 479, 484 (6th Cir. 1973). Some of these factors carry more weight than others. For example, the presence of delay, without more,

---

[1] Parties are typically obligated to formally file a motion to amend pleadings under Rule 14. The Court only construes Plaintiffs' Response as a motion to amend the Complaint because doing so is in the interest of the parties and judicial economy.

"is not [a] sufficient reason to deny a motion to amend." *Id.* But "[n]otice and substantial prejudice to the opposing party are critical factors." *Id.*

In this case, the relevant factors weigh in favor of allowing Plaintiffs to amend their Complaint. First, there was no undue delay in filing the amendment. Plaintiffs attached their Amended Complaint to their timely-filed Response to Murdock's Motion to Dismiss. Second, and relatedly, this provided Murdock with adequate notice of the amendment and permitted Murdock to respond to Plaintiffs' Amended Complaint as part of Murdock's Reply. In her Reply, Murdock argues that Plaintiffs' lack standing whether their claims are brought individually or in their roles as guardian and conservator of Bryant's property because, either way, Plaintiffs are not injured in a "personal and individual way." [DE 26 at 148]. Murdock thus had an adequate opportunity to respond, and notice is not as issue. Finally, there is no evidence that Plaintiffs submitted the Amended Complaint in bad faith or that consideration of the amendment would substantially prejudice Murdock. Indeed, even before the amendment, the Complaint suggested that Plaintiffs brought their claims as guardian and conservator of Bryant and her estate. [*See* DE 1, Compl. at ¶¶ 5–7]. The Amended Complaint simply clarifies this point. Accordingly, Plaintiffs' Motion for Leave to File an Amended Complaint [DE 24-2] is granted.

Generally, an individual's duly appointed representatives have standing to sue on that individual's behalf. *See, e.g.*, *Carespring Healthcare Mgmt., LLC v. Dungey*, No. 16-CV-1051, 2018 WL 1138428, at *7 (S.D. Ohio Mar. 2, 2018) (finding that representatives have standing to sue in the Medicaid context); *Diversicare v. Glisson*, No. 16-CV-141-HRW, 2017 WL 4873510, at *4 (E.D. Ky. Oct. 27, 2017) (noting that, under Kentucky law, representatives have standing to sue in the Section 1983, America with Disabilities Act, and the Rehabilitation Act contexts). Here, the Jefferson County District Court appointed Anthony as Bryant's guardian and Clemons as

5

conservator of Bryant's property [DE 1-1; DE 1-3]. Because Plaintiffs bring their claims as Bryant's representatives, the relevant inquiry is whether Murdock's alleged behavior injured Bryant and her estate, not Plaintiffs individually. The Complaint thus does not violate the prudential standing principle requiring a party to generally assert only his or her own rights, not claims of third parties. *Warth*, 422 U.S. at 499.

The facts of the case show that standing is proper. *Rose*, 790 S.W.2d at 202. Specifically, the Complaint sufficiently pleads standing to survive a motion to dismiss. Plaintiffs allege that Murdock refuses to accept that her powers over Bryant's assets have been terminated; has wrongfully refused to turn over Bryant's assets to Clemons; has wrongfully refused to pay the necessary bills for Bryant's care; and continues to waste Bryant's assets on unnecessary legal proceedings in California. [DE 1 at ¶¶ 10–12, 15]. These allegations, accepted as true, amount to 1) an injury in fact to Bryant and her estate, 2) caused by Murdock's conduct, 3) that will be redressed by a favorable decision from this Court. *Lujan*, 504 U.S. at 560–61. Accordingly, Plaintiffs have standing to sue, and Murdock's Rule 12(b)(1) Motion is denied.

## B. Personal Jurisdiction (Rule 12(b)(2))

### 1. Legal Standard

Next, Murdock moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. Presented with a motion to dismiss under Rule 12(b)(2), the Court may (1) rule on the motion based on the affidavits alone, (2) permit discovery on the motion, or (3) hold an evidentiary hearing on the motion. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (citing *Serras v. First Tenn. Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). No party has requested an evidentiary hearing or indicated a need for discovery on the personal jurisdiction issue, so the Court will rule based on the pleadings alone.

6

Once a defendant challenges personal jurisdiction, the burden is on the plaintiff to show that jurisdiction is proper. *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016). To do so, the plaintiff "may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts" showing the Court's jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). When, as here, the Court "resolves a Rule 12(b)(2) motion solely on written submissions, the plaintiff's burden is relatively slight, and the plaintiff must make only a *prima facie* showing personal jurisdiction exists in order to defeat dismissal." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citation and quotation marks omitted). The plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citation and quotation marks omitted). In resolving a motion to dismiss under Rule 12(b)(2), the Court must view the pleadings and affidavits in a light most favorable to the plaintiff and should not "weigh the controverting assertions of the party seeking dismissal." *Air Prods. & Controls, Inc.*, 503 F.3d at 549 (citation and quotation marks omitted).

2. **Analysis**

Murdock claims that the Court lacks personal jurisdiction because she resides in California and the estate and assets that she manages are in California. [DE 21-1 at 125]. The Federal Rules of Civil Procedure permit district courts to exercise personal jurisdiction over a defendant who, among other things, "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). A court's exercise of personal jurisdiction over an out-of-state defendant must be consistent with both the forum state's long-arm statute and principles of federal due process. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)

(citation omitted). Further, "[a] federal court sitting in diversity may exercise personal jurisdiction over an out-of-state defendant only to the extent that a court of the forum state could do so." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 148 (6th Cir. 1997).

In Kentucky, the Commonwealth's long-arm statute demands more than a constitutional inquiry. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56 (Ky. 2011). *Caesars* clarified that "Kentucky's long-arm statute is narrower in scope than the federal due process clause." *Cox v. Koninklijke Philips, N.V.*, 647 F. App'x 625, 628 (6th Cir. 2016) (citing *Caesars*, 336 S.W.3d at 55–57). As a result, Kentucky courts must first look to the Commonwealth's long-arm statute to determine whether they can exercise personal jurisdiction over a non-resident defendant. Only then should they consider federal due process requirements.

### a. Kentucky's Long-Arm Statute

Kentucky's long-arm statute requires that an action arise from conduct or activity that fits within at least one of nine enumerated categories. Ky. Rev. Stat. Ann. § 454.210(2)(a). The enumerated categories are:

1. Transacting any business in the Commonwealth;

2. Contracting to supply services or goods in the Commonwealth;

3. Causing tortious injury by an act or omission in the Commonwealth;

4. Causing tortious injury in the Commonwealth by an act or omission outside the Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth, provided that the tortious injury occurring in the Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

5. Causing injury in the Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside the Commonwealth;

6. Having an interest in, using, or possessing real property in the Commonwealth, providing the claim arises from the interest in, use of, or possession of real property;

7. Contracting to insure any person, property, or risk located within the Commonwealth at the time of contracting;

8. Committing sexual intercourse in the Commonwealth where the intercourse causes the birth of a child; or

9. Making a telephone solicitation into the Commonwealth.

*Newberry*, 789 F.3d at 641–42 (citing Ky. Rev. Stat. Ann. § 454.210)).

To ensure that a claim arises from a defendant's conduct or activity, courts have required "a reasonable and direct nexus between the wrongful acts alleged in the complaint and the statutory predicate for long-arm jurisdiction." *Cox*, 647 F. App'x at 629 (citing *Caesars*, 336 S.W.3d at 57). This "critical limitation on the statute's operation" ensures that the Court cannot exercise personal jurisdiction over a non-resident merely because he has engaged in conduct that fits within the enumerated categories. *Caesars*, 336 S.W.3d at 55. Instead, "[t]he plaintiff must also show that [her] claim is one that arises from the conduct or activities described in the subsection." *Id.*

Here, Plaintiffs have made a *prima facie* case that personal jurisdiction is proper. Bryant is a Kentucky resident who currently resides at Park Louisville, a dementia-care facility in Louisville, Kentucky. [DE 1 at ¶¶ 3, 5, 13–14]. Although Murdock resides in California, she has transacted business in the Commonwealth on Bryant's behalf by, among other things, incurring costs from Park Louisville for Bryant's care. [DE 24-2, Am. Compl. at ¶ 3]. Specifically, Murdock made assurances to issue payments for Bryant's health care for services rendered in Kentucky. [DE 1 at ¶ 12]. Further, Plaintiffs allege that Murdock's failure to pay Bryant's health care bills has interrupted and complicated Bryant's necessary care. *Id.* at ¶ 16. There is thus also a direct nexus between Murdock's transactions and the alleged injury, and Bryant's injury "arises from"

9

Murdock's conduct or activity with the Commonwealth under *Caesars*. For these reasons, Plaintiffs have satisfied the requirements of Kentucky's long-arm statute.

### b. Federal Due Process

Next, the Court must ensure that its exercise of jurisdiction over Murdock is consistent with federal due process requirements. *Bird*, 289 F.3d at 871. Due process requires that a defendant have "minimum contacts … with the forum State … such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 297 (1980). The presence of such contacts ensures that the exercise of jurisdiction over the defendant "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "As a general rule, the sovereign's exercise of power requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. . . .'" *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

There are two forms of personal jurisdiction: general and specific. *Indah v. U.S. S.E.C.*, 661 F.3d 914, 920 (6th Cir. 2011). General jurisdiction is found where contacts "are so continuous and systematic as to render [a foreign defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation and quotation marks omitted). Specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (citation and quotation marks omitted).

As Plaintiffs claim only specific jurisdiction over Murdock, the Court will employ the Sixth Circuit's three-part analysis to determine whether jurisdiction accords with due process. *Schneider*

*v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (citation omitted). To find that the exercise of jurisdiction is proper, the Court must find: "(1) purposeful availment of the privilege of acting in the forum state or causing a consequence in the forum state, (2) a cause of action arising from activities in the state, and (3) a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Id.* (citation and quotation marks omitted).

First, Murdock purposefully availed herself of acting in the Commonwealth. "The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Citizens Bank v. Parnes*, 376 F. App'x 496, 502 (6th Cir. 2010) (quotation marks omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The Sixth Circuit has consistently held that "purposeful availment may exist when a defendant makes telephone calls and sends facsimiles into the forum state and such communications 'form the bases for the action.'" *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005) (quoting *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001)); *see also Schneider*, 669 F.3d at 701–02. Here, Murdock transacted with Park Louisville to pay for Bryant's dementia care in Kentucky. [DE 24-2 at ¶ 3]. Murdock did so by contacting people in Kentucky—by telephone or some other method—to arrange payment for Bryant's care. *Id.* These contacts form the basis of the present action. The first element is thus satisfied.

Second, Plaintiffs' cause of action arises from activities in the Commonwealth. This requirement is subject to a "lenient standard." *Bird*, 289 F.3d at 875. As previously explained, the dispute at issue "arises from" Murdock's conduct or activity with the Commonwealth under *Caesars*. Accordingly, the second prong of the analysis is satisfied.

Finally, Murdock has a sufficiently substantial connection to Kentucky such that the exercise of jurisdiction is not unreasonable. "[W]here, as here, the first two criter[ia] are met, 'an inference of reasonableness arises' and 'only the unusual case will not meet [the substantial connection] criteri[on].'" *Air Prods. & Controls, Inc.*, 503 F.3d at 554 (quoting *Theunissen*, 935 F.2d at 1461). "In determining whether the exercise of jurisdiction is reasonable, the court should consider, among others, the following factors: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy." *Id.* at 554–55. While defending this matter in Kentucky imposes a burden on Murdock, the Court cannot conclude that this burden creates an "unusual case" where the "inference of reasonableness" should be abandoned. *See Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003). Further, Kentucky has an interest in ensuring that its residents have adequate recourse for harms inflicted by nonresidents, and requiring Plaintiffs to litigate this dispute in California would impose a substantial burden on them. *See Schneider*, 669 F.3d at 704; *cf. Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 797 (6th Cir. 1996) (noting that concern is not implicated where, unlike here, plaintiff is large corporation that "can easily travel to the defendant's home jurisdiction to seek redress"). Because there is an inference of reasonableness when the first two prongs are satisfied, and Murdock has put forth no considerations to overcome or contradict that inference, the exercise of jurisdiction is reasonable under the circumstances of this case. *Air Prods. & Controls, Inc.*, 503 F.3d at 555.

Accordingly, personal jurisdiction is proper under both Kentucky's long-arm statute and federal due process requirements, and Murdock's Rule 12(b)(2) Motion is denied.

## C. Venue (Rule 12(b)(3))

### 1. Legal Standard

Finally, Murdock argues that the Western District of Kentucky is an improper venue for this action. [DE 21-1 at 126]. Under Rule 12(b)(3), a defendant may move to dismiss an action because it was filed in an improper venue. Fed. R. Civ. P. 12(b)(3). Federal law provides that "[a] civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). But even if venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Once challenged, Plaintiff bears the burden of showing that its initial choice of venue is proper." *Sechel Holdings, Inc. v. Clapp*, No. 3:12-CV-00108-H, 2012 WL 3150087, at *2 (W.D. Ky. Aug. 2, 2012) (citation omitted). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002).

### 2. Analysis

Murdock argues that venue is improper for the same reasons that the Court lacks personal jurisdiction—namely, because she resides in California and the estate and assets that she manages are in California. [DE 21-1 at 125]. As noted, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2); *see also E.E.O.C. v. Nw. Airlines, Inc.*, 188 F.3d 695, 699 (6th Cir. 1999). The Sixth

Circuit has interpreted this provision to mean that "the plaintiff may file his complaint in *any* forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). Accordingly, the Court need not "base[] its determination that venue [i]s improper on a single occurrence which directly gave rise to the plaintiffs' action"; instead, it must merely "consider[] whether the forum the plaintiffs chose had a substantial connection to their claim." *Id.* at 264 (citation omitted). Courts applying this standard have explained that "venue may be proper in two or more districts, even though most of the events occurred in only one of the districts." *See McDorman v. D&G Properties.*, No. 5:18-CV-36-TBR, 2018 WL 6133167, at *2 (W.D. Ky. Nov. 21, 2018) (collecting cases).

Venue is proper in this case because a substantial part of the events or omissions giving rise to the action occurred in Louisville. Specifically, Murdock made assurances to issue payments for Bryant's health care for services rendered in Kentucky, and Plaintiffs allege that Murdock's failure to pay Bryant's health care bills has interrupted and complicated Bryant's necessary care. [DE 1 at ¶¶ 12, 16]. These alleged non-payments and subsequent injury form the basis of the present action and thus have a "substantial connection" to the series of events giving rise to Plaintiffs' claims. *First of Michigan Corp.*, 141 F.3d at 263 (citing *Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994)). And even if some relevant events took place in California, venue in this district is still proper. *Setco Enterprises Corp.*, 19 F.3d at 1281 (noting that under the amended venue statute, courts "no longer ask which district among the two or more potential forums is the 'best' venue. Rather, [they] ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts"). Finally, the Jefferson District Court has adjudged Bryant a resident of Kentucky. [DE 1-1]. Under the

trust, Bryant's assets are to pay for the medical costs associated with Bryant's treatment in Kentucky. These facts provide further proof that the events giving rise to this action are inextricably tied to Louisville and that venue in this District is proper. For these reasons, Murdock's Rule 12(b)(3) Motion is denied.

## CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS** that Murdock's Motion to Dismiss [DE 21] is **DENIED**. Further, The Court construes the Proposed Amended Complaint [DE 24-2] as a Motion for Leave to File an Amended Complaint. The **Clerk of Court is DIRECTED** to docket a motion to amend as of January 22, 2019 and attach the Amended Complaint. Plaintiffs' Motion for Leave to File an Amended Complaint [DE 24-2] is **GRANTED**. Plaintiffs' Amended Complaint is filed as of the date of this Order.

Cc: Counsel of record